IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TASHA SPEARS,<br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>CULINART, INC., et al.,<br>　　　　　Defendants. | )<br>)<br>)<br>)　2:15-cv-1196<br>)<br>)<br>)<br>)<br>) |

## **MEMORANDUM ORDER**

On April 4, 2016, the Court granted the request of Plaintiff's counsel, Edward A. Olds and Jaimie George, to withdraw from their representation of Plaintiff in this matter. *See* ECF No. 26. At the same time, the Court stayed the case for 90 days so that Plaintiff may attempt to obtain new counsel. *Id.* On April 7, 2016, the Court received a letter from Plaintiff, dated April 6, 2016, in which she requests that the Court "relieve Mr. Oldes [sic] from [her] case because [she] feel[s] he is not working at his full potential in dealing with [her] case . . . ." ECF No. 27. "Please," she writes, "can you advise Mr. Oldes [sic] that I no longer want him as my attorney and that he is now fired from my case and his services [are] no longer needed." *Id.*

Plaintiff's request is denied as moot insofar as the Court has already granted Mr. Olds' own request to withdraw. Plaintiff should be advised, however, that if she wishes to pursue this action further, she must either (1) proceed on her on behalf (i.e., "pro se"); (2) privately retain the services of another attorney; or (3) file a motion for the appointment of counsel under 42 U.S.C. § 2000e–5(f)(1). Although there is no statutory or constitutional right to counsel in civil cases such as this one, section 2000e–5(f)(1) gives the Court the limited discretion to appoint counsel at a plaintiff's request "in such circumstances as the court may deem just[.]" 42 U.S.C. § 2000e–5(f)(1). "Factors to be considered in determining whether to appoint counsel include: (1)

1

the ability of the plaintiff to afford an attorney, (2) the merits of the plaintiff's case, (3) the efforts made by the plaintiff to secure counsel, and (4) the capacity of the plaintiff to present the case adequately without aid of counsel." *Auchinleck v. Frank*, No. CIV. A. 91-0723, 1991 WL 108807, at *2 (E.D. Pa. June 12, 1991) (citing *Poindexter v. FBI*, 737 F.2d 1173, 1185 (D.C. Cir. 1984); *Ivey v. Bd. of Regents*, 673 F.2d 266, 269 (9th Cir. 1982)). As it now stands, the balance of these factors does not weigh in favor of appointing counsel for Plaintiff.

Plaintiff shall advise the Court in writing which of the three options she intends to choose **on or before July 3, 2016**, which is the date on which the stay is to be lifted. If she fails to do so, her claim will be subject to dismissal. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."). This case will remain stayed in the meantime.

**SO ORDERED**, this 8th day of April, 2016.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judg

cc: **Tasha Spears**
7227 Travella Blvd.
Pittsburgh, PA 15235

(via First Class and Certified Mail)

**Morgan J. Matson, Esquire**
Email: mmatson@littler.com
**Kenneth C. Kurtz, Esquire**
Email: ckurtz@littler.com

(via CM/ECF)